PHILLIP A. TALBERT
United States Attorney
PETER K. THOMPSON
Acting Regional Chief Counsel, Region IX
Social Security Administration
CHANTAL R. JENKINS, PA SBN 307531
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (510) 970-4823
    Facsimile: (415) 744-0134
    E-Mail: Chantal.Jenkins@ssa.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| RHIANNON SALAZAR, <br><br> Plaintiff, <br><br> vs. <br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | No. 2:19-cv-2557 DB <br><br> STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff Rhiannon Salazar [Plaintiff] be awarded attorney fees and expenses in the amount of eight thousand five hundred dollars ($8,500.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel Jared Walker (counsel) in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

    After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of [Plaintiff]'s assignment of EAJA fees to counsel.  Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will

depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

      Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to counsel.

      This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or counsel including [counsel's firm] may have relating to EAJA attorney fees in connection with this action.  This award is without prejudice to the rights of counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated:  December 22, 2021

/s/ Jared Walker  by Chantal R. Jenkins*
*As authorized *via* email on December 22, 2021
Jared Walker
Attorney for Plaintiff

Dated:  December 22, 2021

PHILLIP A. TALBERT
Acting United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

By:  /s/ Chantal R. Jenkins
CHANTAL R. JENKINS
Special Assistant United States Attorney

ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.[1]

DATED: January 4, 2022          /s/ DEBORAH BARNES
                                UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the parties' stipulation, plaintiff's December 1, 2021 motion for attorney's fees (ECF No. 20) is denied as having been rendered moot.